On November 14, 1985, appellee, David J. Malek, pleaded guilty to charges of rape, an aggravated felony of the first degree, in violation of R.C. 2907.02, and aggravated burglary, in violation of R.C. 2911.11, also an aggravated felony of the first degree. The Lake County Court of Common Pleas sentenced appellee to indeterminate consecutive sentences of six to twenty-five years of incarceration on each count. On November 5, 1997, the Department of Corrections recommended that appellee be adjudicated a sexual predator under Ohio's version of Megan's law, recently amended R.C. Chapter 2950.
In a judgment entry filed on December 17, 1997, the trial court dismissed the proceedings to adjudicate appellee as a sexual predator, holding that amended R.C. Chapter 2950 was unconstitutional. Appellant, the State of Ohio, timely filed a notice of appeal, asserting that Ohio's version of Megan's Law is constitutional.
Based on the precedent established by the majority of this court in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, although this writer interposed a dissent to the majority's mandate there that R.C. Chapter 2950 was constitutionally void as applied to sexual predators under Section 1, Article I of the Ohio Constitution, it is clear that the decision in the Williams case controls the outcome here. Hence, I defer to the present controlling authority in this appellate district on the issues raised in this appeal.
Accordingly, the judgment of the trial court is affirmed.
 ----------------------------------- PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.
HON. DONALD R. FORD, P.J., HON. ROBERT A. NADER, J., HON. WILLIAM M. O'NEILL, J., JUDGES.